[Cite as *State v. Mason*, 2021-Ohio-4571.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

          Plaintiff-Appellee,

- v -

MYRON E. MASON,

          Defendant-Appellant.

CASE NO. 2020-P-0085

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 1975 CR 00106

## **O P I N I O N**

Decided: December 27, 2021
Judgment: Reversed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender, and *Abigail J. Christopher* and *Daniel Marcus*, Assistant Public Defenders, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Myron Mason, appeals the October 14, 2020 Judgment of the Portage County Court of Common Pleas finding it was without jurisdiction to hear Mr. Mason's motion to excuse himself from being listed as a violent offender. For the reasons that follow, the appeal is reversed and remanded.

{¶2} The current appeal involves a question of the constitutionality of the retroactive application of Senate Bill 231 ("Sierah's Law"), which went into effect as R.C.

2903.41-44 (the "VOD Statutes"). This law imposes registration obligations for ten years following their release on individuals convicted of certain offenses including, inter alia, aggravated murder.

{¶3} In 1975, Mr. Mason was found guilty of aggravated robbery and the aggravated murder of eighteen-year-old Judy Riggenbach. He was sentenced to a prison term of 27 years to life. While Mr. Mason was still imprisoned, Sierah's Law went into effect. Prior to his release, Mr. Mason filed a motion in the court which convicted him to be excused from the registration requirements, arguing the law is unconstitutional in its retroactive application, and asking the court to stay the registration requirements until the Supreme Court of Ohio ruled on the certified conflict.

{¶4} Following a hearing, the trial court ruled, without explanation, that it did not have jurisdiction to hear Mr. Mason's motion. It is from that judgment that Mr. Mason now appeals assigning two errors for our review.

{¶5} At the time Mr. Mason filed his motion in the lower court, Ohio appellate courts were divided on whether the application of Sierah's Law to those individuals incarcerated on the effective date of the law is unconstitutional pursuant to Ohio Constitution's Retroactivity Clause, Art. II, §28. *See, e.g., State v. Jarvis,* 5th Dist. Muskingum No. CT 2019-0029, 2020-Ohio-1127 (finding the Violent Offender Database violates Art. II, §28 of the Ohio Constitution) and *State v. Hubbard,* 12th Dist. Bulter No. CA2019-05-0-86, 2020-Ohio-856 (finding it does not). The Ohio Supreme Court certified a conflict on the matter and recently issued its rulings holding that the Violent Offender Database does not violate Ohio's prohibition on retroactive statutes. *State v. Hubbard*, 2021-Ohio-3710; *State v. Jarvis*, 2021-Ohio-3712.

2

{¶6} It is with this background in mind that we now turn to Mr. Mason's assigned errors, which state:

{¶7} [1.] The trial court denied Myron Mason's right to due process by determining it did not have jurisdiction to hear Mr. Mason's constitutional challenges to the violent offender registry. Fifth and Fourteenth Amendment[s] of the U.S. Constitution; Article I, Section 16 Ohio Constitution. (10/13/20 Entry).

{¶8} [2.] The retroactive application of Ohio's violent offender registry violates the U.S. and Ohio Constitutions' bans on retroactive laws. Article I, Sections 9 and 10 of the U.S. Constitution; and, Article II, Section 28 of the Ohio Constitution. (10/13/2020 T. pp. 6, 8-14).

{¶9} First, the trial court's judgment entry does not provide its rationale for finding it was without jurisdiction to hear Mr. Mason's appeal. Perhaps the court believed it would have been acting inconsistent with the Supreme Court's jurisdiction with *Hubbard* pending before the Supreme Court at the time Mr. Mason brought his case. Regardless, we now hold the court has jurisdiction to hear such a matter. *State v. Rue,* 164 Ohio St.3d 270, 2020-Ohio-6706, ¶13-14 (Jurisdiction refers to a court's power to hear a case and encompasses jurisdiction over the subject matter and jurisdiction over the person.) While the VOD statutes do not expressly grant the trial court the jurisdiction to hear a constitutional challenge to the statutes, we are loathe to say that a trial court cannot consider the matter. If that were the case, Mr. Mason would have no other means of challenging the constitutionality of the statutes. Because the trial court has jurisdiction over the subject matter and over the person, it has jurisdiction to rule on appellant's motion. Therefore, we reverse the judgment of the trial court.

{¶10} Second, as the trial court has not issued a decision on appellant's second assigned error regarding retroactivity, Mr. Mason's second assigned error is not ripe for

3

our review.  Thus, we remand the matter to the Portage County Court of Common Pleas to enter judgment in accordance with *Hubbard.*

{¶11}  Accordingly, the judgment of the Portage County Court of Common Pleas is reversed and remanded.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.

4